UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
Case No.

HECTOR GONIZALEZ,

      Plaintiff,

v.

REAL HOSPITALITY GROUP, LLC,

      Defendant.

## COMPLAINT

Plaintiff, HECTOR GONZALEZ ("Plaintiff"), sues the Defendant, REAL HOSPITALITY GROUP, LLC ("Defendant"), and alleges as follows:

### NATURE OF ACTION

1. This action involves the application of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e *et seq.* ("Title VII"), the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq.* ("FCRA"); and the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C.S. § 2000ff-1 ("GINA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f), 28 U.S.C. § 1331, 28 U.S.C. §§ 1343(a) (3) and (4), and 42 U.S.C.S. § 2000ff-6(a).

3. Venue is proper under 28 U.S.C. § 1391(b) because the acts or omissions giving rise to this Complaint occurred in whole or in part within this judicial district, Defendant resides



www.saenzanderson.com

within this judicial district, and the employment records of Plaintiff are stored or have been administered within this judicial district.

4. Plaintiff also invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida that are so related to claims in the action within the original jurisdiction of this district Court that they form part of the same case or controversy under Article III of the United States Constitution. In particular, Plaintiff is bringing claims under the FCRA.

## PROCEDURAL REQUIREMENTS

5. All conditions precedent to bringing this action have occurred, been performed or been excused.

6. Namely, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") on or about June 25, 2020, and more than 180 days passed since the filing of his charge. The EEOC issued Plaintiff a right to sue notice on July 6, 2021.

## PARTIES

7. At all times material, Plaintiff was and is a resident of Broward County, Florida.

8. At all times material to this Complaint, Plaintiff was an "employee" as defined by 42 U.S.C. § 2000e(f); Fla. Stat. § 760.02(10); and 42 U.S.C. § 2000ff(2)(A). Plaintiff specifically incorporates the definition of "employee."

9. At all times material, Defendant, was a Foreign profit corporation, having its main place of business in Broward County, Florida.



www.saenzanderson.com

10. At all times material, Defendant was an "employer" as defined by 42 USC § 2000e(b); Fla. Stat. § 760.02 (7); and 42 U.S. Code § 2000ff(2)(B). Plaintiff specifically incorporates the definitions of "person" and "employer."

11. At all times material, Defendant employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

12. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## GENERAL ALLEGATIONS

13. Plaintiff is a lung transplant survivor and has a rare disease called X-linked Agammaglobulinemia ("XLA").

14. XLA is an inherited (genetic) immune system disorder that reduces the ability to fight infections.

15. Due to his medical conditions, Plaintiff must undergo expensive medical treatment, constant care, and take a medicine called Hyqvia.

16. Hyqvia is the only medication that can sufficiently treat Plaintiff's disease. Hyqvia is an expensive medication.

17. Plaintiff was hired by Defendant on or about October 10, 2019, as an accounting manager.

18. Upon being hired, Plaintiff was informed that he would not qualify for medical benefits offered by the Defendant until 90 days after he was hired.



www.saenzanderson.com

3

19. Due to his medical condition, Plaintiff would occasionally have to attend doctor's appointments.

20. Defendant insisted Plaintiff request and use paid time off ("PTO") for any time Plaintiff would be away from work to visit his doctor; however, Defendant did not require Plaintiff's co-workers, particularly female co-workers, to request and/or use PTO when visiting their doctors.

21. Plaintiff was told by Joanne Wagner (Director of Accounting Finance) Julia Goncalves (Human Resources) & Terri Dykes (Supervisor) that he had to use his PTO to attend doctor appointments.

22. During or around January 2020, Plaintiff began to ask detailed questions of Defendant's management and human resources department regarding the medical benefits offered by Defendant, and soon discovered that the Hyqvia would not be covered.

23. Upon learning that his insurance did not cover Hyqvia, Plaintiff explained to Defendant his medical condition in more detail, the importance of the Hyqvia medicine, and requested Defendant assist him in obtaining the medication.

24. Specifically, Plaintiff requested Alma Seidel (Human Resources) for help in reference to his medication.

25. On February 25th 2020 Plaintiff reached out to Alma Seidel. The next day, on February 26th 2020, Alma Seidel called Plaintiff and promised to further inquire and follow up with him, which she never did.

26. Then, on or about March 9, 2020, Shortly after Plaintiff's initial discussion with Defendant requesting assistance with obtaining the Hyqvia medication, rather than giving Plaintiff



www.saenzanderson.com

4

a definitive response as to whether Defendant could assist Plaintiff with obtaining the Hyqvia medication, Defendant terminated Plaintiff.

27. Defendant's treatment of Plaintiff, caused Plaintiff to suffer severe emotional distress and emotional anguish. Plaintiff began to suffer constant stress and panic attacks, and feared that he would not be able to pay his bills, which were caused by Defendant's discriminatory and retaliatory treatment.

28. Plaintiff's work prior to his discharge was satisfactory or more than satisfactory.

### COUNT I: DISCRIMINATION BASED ON DISABILITY
### IN VIOLATION OF THE ADA – DISPARATE TREATMENT

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 above as if set out in full herein.

30. At all times material, Plaintiff was disabled or perceived as disabled.

31. At all times material, Defendant was aware of Plaintiff's disability or perceived disability.

32. At all times material, Plaintiff was qualified to perform the essential functions of his job.

33. At all times material, Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by, *inter alia*, treating Plaintiff differently than similarly situated non-disabled employees in the terms and conditions of his employment because of Plaintiff's disability, or perceived disability by terminating Plaintiff.

34. The disparate treatment of Plaintiff by Defendant was due to Plaintiff's disability or perceived disability.



www.saenzanderson.com

5

35. The disparate treatment of Plaintiff by Defendant was sufficiently severe and pervasive as to alter the terms and conditions of Plaintiff's employment with Defendant.

36. Defendant, as Plaintiff's employer, was responsible for maintaining a working environment free from discrimination.

37. Defendant's discriminatory behavior was part of a custom, pattern and practice of unlawful discrimination of employees who are disabled or perceived as disabled.

38. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

39. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and prospective benefits solely because of Defendant's conduct.

40. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADA;

B. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefit, and damages;

C. Award Plaintiff back pay, liquidated damages, interest, front pay (or reinstatement), and any other damages allowed under the ADA;

D. Award Plaintiff prejudgment interest on his damages award;

E. Award Plaintiff reasonable costs and attorneys' fees; and



www.saenzanderson.com

F.      Grant Plaintiff such other and further relief, as this Court deems equitable and just.

### COUNT II: DISCRIMINATION BASED ON HANDICAP
### IN VIOLATION OF THE FCRA – DISPARATE TREATMENT

41.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 above as if set out in full herein.

42.     At all times material, Plaintiff was handicap or perceived as handicap.

43.     At all times material, Defendant was aware of Plaintiff's handicap or perceived Plaintiff to be handicap.

44.     At all times material, Plaintiff was qualified to perform the essential functions of his job.

45.     At all times material, Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by, *inter alia*, treating Plaintiff differently than similarly situated non-handicap employees in the terms and conditions of his employment because of Plaintiff's handicap, or perceived handicap by terminating Plaintiff.

46.     The disparate treatment of Plaintiff by Defendant was due to Plaintiff's handicap or perceived handicap.

47.     The disparate treatment of Plaintiff by Defendant was sufficiently severe and pervasive as to alter the terms and conditions of Plaintiff's employment with Defendant.

48.     Defendant, as Plaintiff's employer, was responsible for maintaining a working environment free from discrimination.

49.     Defendant's discriminatory behavior was part of a custom, pattern and practice of unlawful discrimination of employees who have a handicap or perceived to have a handicap.



50. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

51. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and prospective benefits solely because of Defendant's conduct.

52. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

B. Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under the FCRA;

C. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

D. Enjoin Defendant, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing, and retaliating against Plaintiff and any employee;

E. Award Plaintiff reasonable costs and attorney's fees;

F. Award Plaintiff prejudgment interest on his damages award; and

G. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT III: DISCRIMINATION BASED ON DISABILITY
## IN VIOLATION OF GINA – DISCHARGE

53. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 above as if set out in full herein.


www.saenzanderson.com

54. At all times material, Plaintiff was employed by Defendant.

55. At all times material, Plaintiff was diagnosed with X-linked Agammaglobulinemia ("XLA"), a genetic immune system disorder.

56. At all times material, Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the GINA by, *inter alia*, terminating Plaintiff because of information from Plaintiff's genetic tests.

57. The discrimination of Plaintiff by Defendant was sufficiently severe and pervasive as to alter the terms and conditions of Plaintiff's employment with Defendant.

58. Defendant, as Plaintiff's employer, was responsible for maintaining a working environment free from discrimination.

59. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

60. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and prospective benefits solely because of Defendant's conduct.

61. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of the GINA;


www.saenzanderson.com

B. Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the GINA;

C. Award Plaintiff compensatory damages under the GINA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D. Enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

E. Award Plaintiff reasonable costs and attorney's fees; and

F. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT IV: DISCRIMINATION BASED ON SEX IN VIOLATION OF TITLE VII – DISPARATE TREATMENT

62. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 above as if set out in full herein.

63. Plaintiff is a member of a protected class of male citizens.

64. At all times material, Defendant was aware of Plaintiff's sex.

65. At all times material, Defendant intentionally engaged in unlawful employment practices and discrimination in violation of Title VII by, *inter alia*, treating Plaintiff differently than similarly situated female employees in the terms and conditions of his employment because of Plaintiff's sex by insisting Plaintiff request and use PTO for any time Plaintiff would be away from work to visit his doctor; however, not requiring Plaintiff's female co-workers request and/or use PTO when visiting their doctors.

66. Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of Plaintiff's employment with Defendant, in violation of Title VII.

67. Plaintiff's sex was a motivating factor that caused Defendant to terminate Plaintiff.



www.saenzanderson.com

10

68. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

69. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

70. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII;

B. Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in a Title VII action;

C. Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D. Enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

E. Award Plaintiff reasonable costs and attorney's fees; and

F. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT V: DISCRIMINATION BASED ON SEX
## IN VIOLATION OF THE FCRA – DISPARATE TREATMENT

71. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 above as if set out in full herein.

72. Plaintiff is a member of a protected class of male citizens.



www.saenzanderson.com

11

73. At all times material, Defendant was aware of Plaintiff's sex.

74. At all times material, Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by, *inter alia*, treating Plaintiff differently than similarly situated female employees in the terms and conditions of his employment because of Plaintiff's sex by insisting Plaintiff request and use PTO for any time Plaintiff would be away from work to visit his doctor; however, not requiring Plaintiff's female co-workers request and/or use PTO when visiting their doctors.

75. Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of Plaintiff's employment with Defendant, in violation of the FCRA.

76. Plaintiff's sex was a motivating factor that caused Defendant to terminate Plaintiff.

77. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

78. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

79. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this honorable court:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;



www.saenzanderson.com

B. Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

C. Award Plaintiff punitive damages, according to proof;

D. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

E. Enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

F. Award Plaintiff reasonable costs and attorney's fees; and

G. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

Dated: September 30, 2021

Respectfully submitted,

By: /s/ Tanesha Blye
Tanesha Blye, Esquire
Fla. Bar No.: 0738158
Email: tblye@saenzanderson.com
Aron Smukler, Esquire
Fla. Bar No.: 297779
Email: asmukler@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsels for Plaintiff*



www.saenzanderson.com

13