UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 21-62052-CIV-MORENO

Hector Gonzalez,

    Plaintiff,

vs.

Real Hospitality Group, LLC,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Hector Gonzalez is suing his former employer, Real Hospitality Group, for disability discrimination under the Americans with Disabilities Act and the Florida Civil Rights Act, discrimination under the Genetic Information Nondiscrimination Act, and sex discrimination under Title VII and the Florida Civil Rights Act.

Before the Court is Real Hospitality Group's Motion to Dismiss the Complaint for failure to state a claim, **(D.E. 9)**, filed on **November 3, 2021**. The Court has considered the motion, the opposition, the reply, pertinent portions of the record, and being otherwise fully advised in the premises, it is **ADJUDGED** that the motion is **GRANTED**. Counts I, II, and III are dismissed with prejudice. Counts IV and V are dismissed without prejudice and with leave to amend.

**I.    Background**

Real Hospitality Group hired Gonzalez as an accounting manager in October 2019. Gonzalez is a lung-transplant survivor and suffers from a condition called X-linked Agammaglobulinemia ("XLA"). XLA is an immune disorder that reduces the body's ability to fight infections. As a result of the XLA, Gonzalez must undergo "expensive medical treatment,

constant care, and take a medicine called Hyqvia." He also must "occasionally" attend doctor's appointments.

Gonzalez alleges that Real Hospitality Group management required him to use his paid time off to attend medical visits, while management did not require his coworkers, and in particular his female coworkers, to do the same. Gonzalez also alleges that when he began to inquire about the medical benefits that Real Hospitality Group offered, he learned that the insurance on offer does not cover Hyqvia. Gonzalez therefore reached out to human resources to explain the importance of the medication and to ask that it be covered. On February 25, 2020, Gonzalez reached out to Alma Seidel in human resources to ask about the medication, who told him that she would "further inquire and follow up." Seidel never did so. Then on March 9, 2020, Real Hospitality Group terminated Gonzalez. He filed this complaint six months later.

**II.     Legal Standard**

Real Hospitality Group has moved to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). In considering this motion, the Court's takes all well pled factual allegations as true and views them in a light most favorable to the plaintiff. *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir. 2006). To survive a 12(b)(6) motion, a complaint must contain sufficient factual matter that, accepted as true, renders a claim for relief plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Naked legal assertions and unwarranted decuctions of fact are not taken as true. *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1246 (11th Cir. 2005).

**III. Analysis**

**A. Sex Discrimination Claims**

Counts IV and V contain Gonzalez's sex discrimination claims.[1] There are generally three ways to state a claim for sex discrimination. The plaintiff can either (1) plead direct evidence of discrimination, (2) plead facts sufficient for a prima facie case under the *McDonnell Douglas* framework, or (3) plead a "convincing mosaic" of circumstantial evidence that permits an inference of intentional discrimimation. *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1220 (11th Cir. 2019); *id.* at n.6. Here, Gonzalez proceeds only under the *McDonnell Douglas* framework. He therefore must plead (1) that he belongs to a protected class, (2) he was subjected to an adverse employment action, (3) he was qualified to perform the job in question, and (4) that his employer treated "similarly situated" employees outside his class more favorably. *Id.* at 1220-21.

Real Hospitality Group argues that Gonzalez has failed to plead a prima facie case because he has not sufficiently identified similarly situated employees that were treated more favorably. On this prong, the plaintiff must point to comparators that are "similarly situated in all material respects." *Lewis*, 918 F.3d at 1226. As a general matter, a similarly situated comparator is one that has engaged in the same conduct as the plaintiff, is subject to the same workplace policies as the plaintiff, has the same supervisors as the plaintiff, and share's the plaintiff's employment and disciplinary history. *See id.* at 1227-28. Gonzalez's complaint is deficient in this regard because the only information he provides about his comparators is that they are "female" and "coworkers." He pleads no other facts about the coworkers. Nor does

---

[1] "Because the FCRA is modeled after Title VII, and claims brought under it are analyzed under the same framework, the state-law claims do not need separate discussion and their outcome is the same as the federal ones." *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1271 (11th Cir. 2010) (internal citation omitted).

Gonzalez meaningfully respond to this argument in his opposition; he simply insists that his current complaint identifies sufficient comparators. Counts IV and V are therefore dismissed with leave to amend.

### B. Genetic Information Nondiscrimination Act Claim

Count III alleges discrimination in volation of the Genetic Information Nondiscrimination Act. Real Hospitality Group argues that this claim should be dismissed because that law only prohibits discrimination based on "genetic information," not "medical information" in general. 42 U.S.C. § 2000ff-1(a). Therefore, Real Hospitality Group say, the statute does not even apply here.

While there is limited authority on this matter, the statutory text and existing caselaw support Real Hospitality Group's argument. The statute only prohibits discrimination "because of genetic information" and defines "genetic information" as "genetic tests," which are "analys[es] of human DNA, RNA, chromosomes," etc. *See* 42 U.S.C. § 2000ff(4)(A), 2000ff(7)(A). The statute says that an employer is not liable for the use of "genetic information about a *manifested* disease." *Id.* § 2000ff-9 (emphasis added). The Fifth Circuit interprets this statutory language as distinguishing between discrimination based on "medical information" and "genetic information." *See Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 826 (5th Cir. 2015). District courts in the Eleventh Circuit have interpreted it the same way. *See, e.g.*, *Bell v. PSS World Med., Inc.*, 2012 WL 6761660, at *3 (M.D. Fla. Dec. 7, 2012), *report and recommendation adopted*, 2013 WL 45826 (M.D. Fla. Jan. 3, 2013) ("The basic intent of GINA is to prohibit employers from making a predictive assessment concerning an individual's propensity to get an inheritable genetic disease or disorder based on the

4

occurrence of an inheritable disease or disorder in [a] family member."); *Jacobs v. Donnelly Commc'ns*, 2013 WL 5436682, at *5 (N.D. Ga. Sept. 27, 2013).

Gonzalez's response is unconvincing: he asserts that since XLA is caused by a genetic disorder, and Real Hospitality Group was aware of the XLA, it discriminated against him based on genetic information when it fired him. In so doing, he appears to mistakenly conflate the difference between genetic information and medical information—the exact critique that Real Hospitality Group has raised. Count III is thus dismissed with prejudice.

### C.  Disability Discrimination Claims

Counts I and II are for disability discrimination.[2] "In order to establish a prima facie case of discrimination under the ADA, a plaintiff must demonstrate that he (1) is disabled, (2) is a qualified individual, and (3) was subjected to unlawful discrimination because of his disability." *Greenberg v. BellSouth Telecommunications, Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (simplified).

Real Hospitality Group says that Gonzalez cannot state a claim under the Americans with Disabilities Act because he has not adequately alleged that he is disabled. While Gonzalez pleads that he has a lung transplant and XLA, he does not explain how those conditions constitute either a "physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102. Gonzalez only alleges that the XLA requires "constant care," "expensive treatment," and "occasional" doctor's visits. These facts are not sufficient to show that he has a disability. As one district court put it, the "need to periodically consult one's doctor—without more—is not a substantial impairment of a major life activity." *Litzinger v. Allegheny Lutheran Soc. Ministries*, 2017 WL 3089022, at *6 (W.D. Pa. July 20, 2017).

---

[2] "[D]isability-discrimination claims under the FCRA are analyzed using the same framework as ADA claims." *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255 (11th Cir. 2007).

5

Because Gonzalez has not identified a major life activity at which he is substantially limited as a result of the alleged disability, his Americans with Disabilities Act claim fails. *See Greenberg*, 498 F.3d at 1264; *Martin v. Teleperformance Inc.*, 839 F. App'x 443, 445 (11th Cir. 2021). As a result, counts I and II are dismissed with prejudice.

### IV.   Conclusion

For the reasons explained above, counts I, II, and III are dismissed with prejudice and counts IV and V are dismissed without prejudice. Gonzalez may file an amended complaint if he so chooses on or before March 18, 2022. Real Hospitality Group shall file its response to that complaint on or before April 1, 2022. If appropriate, Gonzalez may reply to Real Hospitality Group's response on or before April 8, 2022.

DONE AND ORDERED in Chambers at Miami, Florida, this 8th of March 2022.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record